IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

SANDRA A. AVERY, Individually and as )
Parent and Next Friend of Patrice T. Avery, )
Alexandra A. Avery, and Madeline B. Avery )
and TODD E. AVERY, Individually and as )
Parent and Next Friend of Patrice T. Avery, )
Alexandra A. Avery, and Madeline B. Avery )
                                      Plaintiffs, )
                                                    )
vs. ) No._____
                                                    )
MERCY HEALTH SERVICES-IOWA, )
a Division of TRINITY HEALTH- )
MICHIGAN, d/b/a MERCY MEDICAL )
CENTER-DUBUQUE, )
                                                    )
                                    Defendants. )

## COMPLAINT AND JURY DEMAND

For cause of action against Defendant, Plaintiffs state as follows:

### JURISDICTION AND VENUE

1. Plaintiffs are citizens of Yorkville, Illinois.

2. Sandra A. Avery and Todd E. Avery are the parents of minor children, Patrice T. Avery, Alexandra A. Avery, and Madeline B. Avery, who are also citizens of Yorkville, IL.

3. Defendant is a non-profit healthcare corporation, incorporated in the state of Iowa, with its principle place of business in Michigan.

4. The amount in controversy exceeds $75,000, the parties are of diverse citizenship, and the court has jurisdiction of this matter under the provisions of 28 U.S.C. Section 1332.

## COMMON ALLEGATIONS

5. Plaintiff Sandra Avery underwent surgery at Mercy Medical Center-Dubuque on June 19, 2007 for a malignant lesion on her tongue.

6. During the surgery, several lymph nodes were removed by the surgeon to be preserved for examination by a pathologist.

7. The lymph nodes were not preserved by Mercy Medical Center employees.

8. The lymph nodes were disposed of with other waste from the operating room.

9. The lymph nodes were later found in a landfill in a condition that would not allow proper analysis.

10. Mercy Medical Center Risk Management staff met with Sandra and Todd Avery after the surgery and informed them that Mercy Medical Center staff had lost the lymph nodes harvested by Sandra Avery's surgeon.

11. The Mercy Medical Center Risk Management staff informed Sandra and Todd Avery that the lymph nodes had later been located in the Dubuque landfill.

12. Mercy Medical Center Risk Management staff acknowledged the loss of the lymph nodes was the fault of Mercy Medical Center employees.

## DIVISION I

13. Plaintiffs reallege paragraphs 1-12 above as though fully set forth herein.

14. The negligent handling of the specimen lymph nodes by Mercy Medical Center employees proximately caused Plaintiff Sandra Avery to suffer damages.

WHEREFORE, Plaintiff Sandra A. Avery respectfully prays the Court enter judgment on her behalf, and against Defendant, in an amount sufficient to compensate her for her damages, together with interest as allowed by law, the costs of this action and any further relief the Court deems just and equitable.

## DIVISION II

15. Plaintiffs reallege paragraphs 1-14 above as though fully set forth herein.

16. As a direct and proximate result of the negligence of Defendant, Plaintiff Todd E. Avery suffered consortium damages in excess of the jurisdictional threshold of this

Court.

WHEREFORE, Plaintiff Todd E. Avery respectfully prays the Court enter judgment on his behalf, and against Defendant, in an amount sufficient to compensate him for his damages, together with interest as allowed by law, the costs of this action and any further relief the Court deems just and equitable.

## DIVISION III

17. Plaintiffs reallege paragraph 1-16 above as though fully set forth herein.

18. As a direct and proximate result of the negligence of Defendant, Patrice T. Avery, Alexandra A. Avery, and Madeline B. Avery were denied the companionship and support of their mother and suffered consortium damages in excess of the jurisdictional threshold of this Court.

WHEREFORE, Plaintiffs Sandra A. Avery and Todd E. Avery, as Parents and Next Friends of Patrice T. Avery, Alexandra A. Avery, and Madeline B. Avery respectfully pray the Court enter judgment on their behalf, and against Defendant, in an amount sufficient to compensate them for their damages, together with interest as allowed by law, the costs of this action and any further relief the Court deems just and equitable.

## DIVISION IV

19. Plaintiffs reallege the allegations of paragraphs 1-18 above as though fully set forth herein.

20. Defendant's conduct was reckless and constituted a wanton disregard for the rights and safety of its patient, Sandra Avery.

21. Defendant's reckless conduct was the proximate cause of the damages to Plaintiffs and entitles Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs Sandra A. Avery and Todd E. Avery, Individually and as Parents and Next Friends of Patrice T. Avery, Alexandra A. Avery and Madeline B. Avery respectfully pray the Court enter judgment on their behalf for punitive damages against Defendant.

## **JURY DEMAND**

COME NOW Plaintiff and hereby demand a jury trial on all issues so triable.

SANDRA A. AVERY, Individually and as Parent and Next Friend of Patrice T. Avery, Alexandra A. Avery, and Madeline B. Avery, and TODD E. AVERY, Individually and as Parent and Next Friend of Patrice T. Avery, Alexandra A. Avery, and Madeline B. Avery, Plaintiffs

By   s/ Todd L. Stevenson
Todd L. Stevenson AT0007553

By   s/ Les V. Reddick
Les V. Reddick AT0006571
KANE, NORBY & REDDICK, P.C.
2100 Asbury Road, Suite 2
Dubuque, IA 52001-3091
Tel:   (563) 582-7980
Fax:   (563) 582-5312
E-mail: tstevenson@kanenorbylaw.com
        lreddick@kanenorbylaw.com
ATTORNEYS FOR PLAINTIFFS